**2013 UT App 234**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.M., A PERSON UNDER
EIGHTEEN YEARS OF AGE

M.H.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130593-CA
Filed September 26, 2013

Third District Juvenile, Tooele Department
The Honorable Mark W. May
No. 1077146

David J. Angerhofer, Attorney for Appellant
John E. Swallow and Carol L.C. Verdoia, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES DAVIS, MCHUGH, and VOROS.

PER CURIAM:

¶1 M.H. (Mother) appeals the termination of her parental rights. She asserts that there was insufficient evidence to support the grounds for terminating her parental rights and the conclusion that it was in the best interest of the child to terminate her parental rights.

¶2 "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the

clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Mother asserts that there was insufficient evidence to support the determination that Mother was an unfit parent. The evidence in the record supports the juvenile court's determination.[1] Utah Code section 78A-6-508(2)(e) states that in making its decision concerning whether a parent is unfit, the juvenile court shall consider "whether the parent is incarcerated as a result of a conviction of a felony, and the sentence is of such length that the child will be deprived of a normal home for more than one year." Utah Code Ann. § 78A-6-508(2)(e) (LexisNexis 2012). Testimony demonstrated that Mother was not scheduled to complete her sentence until well after that one-year period. Mother argues that if she completed certain programs, she anticipated being released

---

1. The court also determined that other grounds supported the termination of Mother's parental rights. Mother alleges that there was insufficient evidence to support those grounds. However, because the evidence supports the juvenile court's determination that Mother was unfit, we do not review these other grounds. *See In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights).

early from prison, and if that was the case she would have spent just less than one year in prison. Mother presented no supporting documentary evidence that her sentence would end less than a year after it began. Furthermore, Mother used methamphetamine a mere three weeks after D.M. was born.[2] This use of methamphetamine such a short period after D.M.'s birth is exacerbated by the fact that Mother has either lost custody or lost parental rights to ten previous children. Based on the totality of the evidence, the juvenile court could reasonably conclude that Mother has not yet learned to put the needs of her children above her own. Thus, evidence in the record supports the juvenile court's determination that Mother was unfit. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶4     Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in the best interest of D.M. to terminate Mother's parental rights. Based upon Mother's incarceration, her failure to begin any drug treatment program, and her failure to alter her behavior after losing custody or her parental rights to ten previous children, the evidence supports the finding that Mother was not ready to parent D.M. On the other hand, D.M.'s foster parents love her, provide for her needs, have established a bond with her, and wish to adopt her. These and other facts appearing in the record support the juvenile court's determination that it is in D.M.'s best interest to terminate Mother's parental rights.

¶5     Affirmed.

--------

2. Mother testified that this was the first time she had used drugs "in forever." However, the father of the child testified that he had used drugs with Mother on at least one other occasion. The juvenile court also expressed disbelief of Mother's testimony that she was caught the one time she used drugs.